IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN ROBERT SCOTT                                                    PLAINTIFF

V.                              NO. 15-5092

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration            DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, John Robert Scott, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. <u>See</u> 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current application for SSI on March 7, 2012, alleging an inability to work since March 7, 2012, due to back, neck, and shoulder problems. (Tr. 197-205, 225, 229). An administrative hearing was held on October 16, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 96-130).

By written decision dated December 26, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – herniated nucleus pulposus at C5-6 and C6-7 status post discectomy and fusion, and frozen right shoulder syndrome status post arthroscopic release and depression. (Tr. 82). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments

1

did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 82). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant is able to occasionally perform overhead reaching. Nonexertionally, the claimant is able to perform work with simple tasks and simple instructions.

(Tr. 84).  With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as tanning salon attendant and photo finisher counter clerk. (Tr. 88).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information and denied that request on February 27, 2015. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.  Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply

2

because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. § 416.920  Only if the final stage is reached does the fact finder consider the

3

Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. § 416.920,  abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

**III.   Discussion:**

Plaintiff raises the following issues in this matter: 1) The ALJ erred in failing to fully and fairly develop the record; 2 )The ALJ erred in his credibility analysis; and 3) The ALJ erred in his RFC determination. (Doc. 9).

The Court finds this matter should be remanded in order for the ALJ to more fully develop the record regarding Plaintiff's physical limitations. The ALJ has a duty to fully and fairly develop the record.  See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995);  Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  This is particularly true when Plaintiff is not represented by counsel.  Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994).  This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary.  See 20 C.F.R. § 404.1512.  The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case.  Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010).  However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record.  See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").  "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment.  They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination."  Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989).  "There is no bright line rule indicating when the Commissioner has or has not

4

adequately developed the record; rather, such an assessment is made on a case-by-case basis." <u>Mans v. Colvin,</u> No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting <u>Battles v. Shalala</u>, 36 F.3d 43, 45 (8th Cir. 1994).

In this case, less than one month before Plaintiff filed his SSI application, on February 15, 2012, Dr. Luke Knox, an orthopedic surgeon who treated Plaintiff, advised Plaintiff he should lift no more than 10 pounds, engage in no repetitive flexion/extension of the neck, and perform no overhead work. (Tr. 785). Subsequent to the filing of the application, on April 4, 2012, Dr. Knox treated Plaintiff and advised that the same restrictions as before were still in effect. (Tr. 455). On July 12, 2013, Plaintiff completed a Recent Medical Treatment report, indicating that Dr. Knox stated his range of motion would not fully return and his weight restriction was ten pounds. (Tr. 305). At the hearing held on October 16, 2013, Plaintiff testified that the last time he saw Dr. Knox was in July and he told him no heavy lifting, he didn't want him to look up or lift anything over his head. (Tr. 111).

In his decision, the ALJ addressed the fact that on February 15, 2012, Dr. Knox released Plaintiff to work but restricted him to lifting no more than 10 pounds, no repetitive flexion or extension of his neck and no overhead work. (Tr. 85). He also noted that Plaintiff did not follow up with Dr. Knox until July of 2013, when Dr. Knox stated he was pleased with Plaintiff's progress. (Tr. 85). The ALJ also noted that Dr. Andrew Heinzelmann released Plaintiff to full duty on January 10, 2012. (Tr. 86). However, the ALJ then referred to a September 2013 MRI of his cervical spine, which he stated revealed more serious findings, including spondylitic changes most pronounced at the C6-7 level with mild to moderate central canal stenosis, moderate right and moderate to severe left neural foraminal

5

stenosis. (Tr. 86). In support of this statement, the ALJ cited to Exhibit 20F. (Tr. 86). A review by the Court of Exhibit 20F includes 20 pages, 5 of which are Dr. Knox's progress reports. The remaining 15 pages are labeled "Exhibit 20F Pages 6 through 17 was replaced with this page because it referenced another individual." (Tr. 790-801). Although neither of the parties raised it, this issue, coupled with the fact that there is a question about whether Dr. Knox extended the restrictions he placed on Plaintiff throughout the relevant time period, leads the Court to conclude that this matter should be remanded in order for the ALJ to obtain a physical RFC assessment from an examining physician and thereafter re-evaluate his RFC.

The Court also notes that one of the two jobs the ALJ found Plaintiff that could perform – the tanning salon attendant, requires frequent reaching, which is inconsistent with the ALJ's RFC and VE's testimony. The Court cautions the ALJ to make sure he addresses any potential conflict between the VE's testimony and the Dictionary of Occupational Titles.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, reverses and remands this matter to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 28th day of June, 2016.


/s/ *Erin L. Steer*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE